# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KIMBERLY SHORE and GEORGE
SHORE,

        Plaintiffs,

v.                                       **Case No:   6:14-cv-358-Orl-31GJK**

MAGICAL CRUISE COMPANY, LTD.
and STEINER TRANSOCEAN LIMITED,

        Defendants.

_____

# ORDER

This matter comes before the Court without a hearing on the motions to dismiss (Doc. 37, 38) filed by Defendant Magical Cruise Company, Ltd. (henceforth, "MCC") and Defendant Steiner Transocean Limited (henceforth, "Steiner'), respectively, and the responses in opposition (Doc. 40, 41) filed by the Plaintiffs.

## I.      Background

According to the allegations of the Amended Complaint (Doc. 32), which are accepted in pertinent part as true for purposes of resolving the instant motions, in April 2013 the Plaintiffs sailed aboard the M/V Disney Magic.   The M/V Disney Magic is owned by MCC, and Steiner operates the spa aboard the ship.   During the cruise, Kimberly Shore utilized spa services, including a scalp treatment.   The Plaintiffs contend that the product used for the scalp treatment was tainted and/or misapplied, as a result of which Kimberly Shore suffered a staphylococcal infection.   Further, the Plaintiffs contend that George Shore came down with an illness shortly afterward, likely as a result of his wife's infection.   In the Amended Complaint, the Shores assert claims for negligence against MCC (Count I) and Steiner (Count II), as well as two claims

asserted against both defendants: strict products liability (Count III) and loss of consortium (Count IV).

## II.      Standards

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).   A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984).   In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff.   *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988).   The Court must also limit its consideration to the pleadings and any exhibits attached thereto.   FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level,   *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007).   Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.   *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).   In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Where a tort occurs on navigable waters, federal maritime law governs the substantive issues in the case.  *See*, *e.g.*, *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990).

### III.    Analysis

### A.  Negligence Claims

MCC contends that the Plaintiffs have failed to state a claim for negligence in that they have pled no facts that show that MCC owed them a duty to warn of the allegedly defective hair product, or that the company breached such a duty.   Even if this is true, the Shores have alleged, *inter alia*, that an MCC employee applied an expired and contaminated product to Kimberly Shore's scalp, and that the contamination and the expiration date were both visible upon inspection of the bottle containing the product.   (Doc. 32 at 3).   This is sufficient to state a claim for negligence.

MCC also attempts to rely on the analysis in *Gayou v. Celebrity Cruises, Inc.*, 2012 WL 2049431 (S.D.Fla. 2012), in which the Court dismissed the plaintiff's negligence claim, which was based on a failure to warn.   However, the alleged negligence at issue in *Gayou* involved the cruise line's selection of an independent, on-shore zip-lining company, whose actions caused the plaintiff's injury; the plaintiff had not alleged any facts showing that the cruise line should have known that the zip-lining company would itself be negligent.   In the instant case, the Plaintiffs

have alleged that their injuries directly resulted from actions taken by employees of MCC, and therefore the duty-to-warn analysis from *Gavou* is not applicable.[1]   Count I will not be dismissed.

Steiner makes the same argument in regard to the negligence claim asserted against it in Count II as MCC did in regard to Count I.   However, in Count II the Plaintiffs make the same allegations as to Steiner employees (*i.e.*, that they applied an expired and contaminated product to Kimberly Shore's scalp) as were alleged in Count I in regard to MCC employees.   Steiner's effort to have Count II dismissed fails for the same reason that MCC's effort to have Count I dismissed fails.

**B.      Strict Liability**

Both Defendants contend that the Plaintiffs have failed to state a claim for strict liability in Count III because, among other things, the Plaintiffs have not alleged that either Defendant was a manufacturer, seller, or retailer of the hair product at issue.   *See Restatement (Second) of Torts §402A* (holding liable, despite absence of negligence, anyone "who sells any product in a defective condition unreasonably dangerous to the user or consumer" if "the seller is engaged in the business of selling such a product" and the product "is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.").   *See also East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 886 (1986) (recognizing products liability, including strict liability, as part of general maritime law).   The Plaintiffs do not respond to either Defendant's argument on this point.   Accordingly, Count III will be dismissed without prejudice.

---

[1] MCC also argues that it cannot be held liable for the actions taken by spa workers because it did not operate the spa.   (Doc. 37 at 7).   However, the Plaintiffs have alleged that MCC workers took the actions at issue (Doc. 32 at 4-5) and, for purposes of resolving this motion, those allegations control, rather than MCC's contention (Doc. 37 at 10-11) that Steiner is an independent contractor.

### C.      Loss of Consortium

Finally, the Defendants seek dismissal of Count IV on the grounds that general maritime law does not recognize claims for loss of consortium.   At first blush, the case law supports the Defendants:   The United States Court of Appeals for the Eleventh Circuit has held that general maritime law does not allow recovery of damages for loss of consortium in a personal injury case. *See, e.g., In re Amtrak "Sunset Limited,"* 121 F.3d 1421, 1429 (11th Cir. 1997) (stating that personal injury claimants in admiralty cases "have no claim for nonpecuniary damages such as loss of society, loss of consortium, or punitive damages")*.*   The holding in *Sunset Limited* was an extension of the holding in *Lollie v. Brown Marine Serv., Inc.*, 995 F.2d 1565, 1565 (11th Cir. 1993) (*per curiam*), in which the court without discussion held that neither the Jones Act, 46 U.S.C. §30104, nor general maritime law authorized recovery for loss of society or consortium in personal injury cases.

However, the Plaintiffs contend that *Sunset Limited* and *Lollie* are no longer good law in the wake of the Supreme Court's decision in *Atlantic Sounding v. Townsend*, 557 U.S. 404 (2009). In that case, Townsend – a crewman who was injured while serving aboard a tug boat owned by Atlantic Sounding – sought, *inter alia*, punitive damages for Atlantic Sounding's alleged failure to provide maintenance and cure.[2]   Atlantic Sounding sought dismissal of the of the punitive damages claim.   After the District Court denied the motion to dismiss and the Eleventh Circuit affirmed the trial court's decision, the Supreme Court granted certiorari.

Atlantic Sounding argued that the Supreme Court's decision in *Miles v. Apex Marine Corporation*, 498 U.S. 19 (1990) required a conclusion that the Jones Act barred recovery of

---

[2] "A claim for maintenance and cure concerns the vessel owner's obligation to provide food, lodging, and medical services to a seaman injured while serving the ship."   *Lewis v. Lewis & Clark Marine, Inc*., 531 U.S. 438, 441, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001).

punitive damages in maintenance and cure cases.   In *Miles*, the Supreme Court had limited the

remedies available under general maritime law for a judicially created cause of action -- wrongful

death resulting from unseaworthiness – to the remedies authorized by Congress for wrongful death

claims under two statutes -- the Jones Act and the Death on the High Seas Act:

> It would be inconsistent with our place in the constitutional scheme
> were we to sanction more expansive remedies in a judicially created
> cause of action in which liability is without fault than Congress has
> allowed in cases of deaths resulting from negligence.

*Id.* at 32-33.

The Jones Act permits seamen to pursue claims for maintenance and cure and does not

permit recovery of punitive damages.   *Townsend* at 422-423.   Relying on the *Miles* decision,

Atlantic Sounding argued that punitive damages must also be barred in a claim for maintenance

and cure under general maritime law, just as the *Miles* court found that punitive damages were not

available in wrongful death claims under general maritime law.

The *Townsend* court upheld the *Miles* decision, saying that its reasoning – that judicially

created remedies should not exceed those available statutorily – "remains sound".   *Townsend* at

420.   However, the *Townsend* court found that *Miles* did not control the crewman's claim because

the cause of action for maintenance and cure and the remedy of punitive damages were "well

established" in the general maritime law prior to passage of the Jones Act, and nothing in that act

indicated a Congressional intention to limit either's availability.   *Id.* at 420-21.

The Plaintiffs argue that *Townsend* has established new criteria for determining whether a

particular cause of action or remedy is available under general maritime law, and that these new

criteria are set forth in a recent decision of the United States Court of Appeals for the Fifth Circuit:

> *Townsend* established a straightforward rule going forward: if a
> general maritime law cause of action and remedy were established
> before the passage of the Jones Act, and the Jones Act did not
> address that cause of action or remedy, then that remedy remains

available under that cause of action unless and until Congress
intercedes.

*McBride v. Estis Well Service, L.L.C.*, 731 F.3d 505, 514 (5th Cir. 2013).[3]   Turning to the instant
case, the Plaintiffs contend they should be allowed to pursue their loss of consortium claims
because, prior to the passage of the Jones Act, general maritime law recognized a cause of action
for loss of consortium in passenger cases, and nothing in the Jones Act demonstrates an intention
to eradicate that cause of action.   The cases they cite to establish these propositions are far from
definitive.   However, given the unsettled state of the law, the Court will for now deny the motion
to dismiss.   As the Defendants have not had a chance to address most of the arguments raised by
the Plaintiffs in regard to loss of consortium damages, they may, if they desire, raise the issue
again on summary judgment.

**IV.     Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that the motions to dismiss (Doc. 37, 38) are **GRANTED IN PART AND
DENIED IN PART** as set forth above.   Count III is **DISMISSED WITHOUT PREJUDICE**
and the Defendants, should they so desire, may attack the legal sufficiency of Count IV again on
summary judgment.   In all other respects, the motions are **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 24, 2014.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court notes that the Fifth Circuit has voted to rehear this decision *en banc*.   *See*
*McBride v. Estis Well Service, L.L.C.*, 743 F.3d 458 (5th Cir. 2014).

Copies furnished to:

Counsel of Record
Unrepresented Party